NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*

*v.*

LORENZO LEON BROWN, *Appellant.*

No. 1 CA-CR 14-0099
FILED 1-6-2015

---

Appeal from the Superior Court in Maricopa County
No.  CR2012-126217-001
The Honorable Brian Kaiser, Commissioner

**AFFIRMED AS CORRECTED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Adams
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Patricia K. Norris delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge John C. Gemmill joined.

**N O R R I S,** Judge:

**¶1** Lorenzo Leon Brown timely appeals from his conviction and sentence for unlawful flight from a pursuing law enforcement vehicle. *See* Ariz. Rev. Stat. ("A.R.S.") § 28-622.01 (2012). After searching the record on appeal and finding no arguable question of law that was not frivolous, Brown's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this court to search the record for fundamental error. This court granted counsel's motion to allow Brown to file a supplemental brief *in propria persona*, but Brown did not do so. After reviewing the entire record, we find no fundamental error and, therefore, affirm Brown's conviction and sentence as corrected.

## FACTS AND PROCEDURAL BACKGROUND[1]

**¶2** Just before 1:00 a.m. on February 13, 2012, Brown was driving a red Infiniti northbound on 23rd Avenue in Phoenix. As it passed a Phoenix police officer finishing a traffic stop, the officer recognized the vehicle as one that had fled him a week prior and noticed the driver and lone occupant was a black male. The officer followed the Infiniti, activating his lights and sirens after the Infiniti rapidly accelerated from a traffic light. The Infiniti pulled away, reaching a speed of over 70 miles per hour, and the officer gave up the pursuit. The officer saw the red Infiniti turn west onto Earll Drive.

**¶3** After waiting approximately five minutes, the officer followed the Infiniti's route down Earll Drive and found it parked in a residential driveway. The officer found Brown, a black male, trying to

---

[1]We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Brown. *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

conceal himself in the driver's seat; the keys were in his hand and no one else was in the Infiniti.  Another responding officer arrested Brown.

¶4         A grand jury indicted Brown with unlawful flight from a law enforcement vehicle, a class 5 felony, under A.R.S. § 28-622.01.  A jury of eight found Brown guilty as charged and found he committed the offense while on probation for two other felonies.  *See* A.R.S. § 13-708(A) (Supp. 2014).   At trial, Brown admitted he had two prior historical felony convictions.  *See* A.R.S. §§ 13-105(22), -703(J) (Supp. 2014).  The superior court sentenced Brown to a presumptive term of five years imprisonment.

## DISCUSSION

¶5         We have reviewed the entire record for reversible error and find none.  *See Leon*, 104 Ariz. at 300, 451 P.2d at 881.  Brown received a fair trial.  He was represented by counsel at all stages of the proceedings and was present at all critical stages.

¶6         The evidence presented at trial was substantial and supports the verdict.  The jury was properly comprised of eight members and the court properly instructed the jury on the elements of the charge, Brown's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict.  The superior court received and considered a presentence report, Brown was given an opportunity to speak at sentencing and did so, and his sentence was within the range of acceptable sentences for his offense.  *See* A.R.S. §§ 13-703(J), 28-622.01.

¶7         In our review of the record, we discovered two errors in the superior court's sentencing minute entry.  First, due to a typographical error, the minute entry refers to A.R.S. § 28-3001 as "258-3001."  Second, the minute entry reflects that the superior court sentenced Brown pursuant to A.R.S. § 13-702 (2010), the sentencing statute for first-time offenders, and that Brown's offense was "Non Repetitive."  The record shows, however, Brown admitted to two prior felonies, and the superior court sentenced him to a presumptive term of five years consistent with Brown's status as a class three repetitive offender.  *See* A.R.S. § 13-703(J).  Thus, we correct the sentencing minute entry to replace the citation to "258-3001" with "28-3001" and the citation to "13-702" with "13-703(J)" and to delete the description of the offense as "Non Repetitive."

## CONCLUSION

**¶8**         We decline to order briefing and affirm Brown's conviction and sentence as corrected to reflect Brown was sentenced pursuant to A.R.S. § 13-703(J).

**¶9**         After the filing of this decision, defense counsel's obligations pertaining to Brown's representation in this appeal have ended.  Defense counsel need do no more than inform Brown of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

**¶10**         Brown has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review.  On the court's own motion, we also grant Brown 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama